Submitted December 22, 2008, conviction for first-degree unlawful sexual penetration reversed and remanded for entry of conviction for attempted first-degree unlawful sexual penetration and for resentencing; otherwise affirmed April 22, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT D. JOINER,
*Defendant-Appellant.*

Grant County Circuit Court
060241CR; A133801

206 P3d 1105

Peter Gartlan, Chief Defender, Legal Services Division, and David Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Rene C. Holmes, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

■    Defendant appeals, challenging his convictions and sentences for various sexual offenses. Regarding defendant's convictions, we reject without discussion all of defendant's arguments except his argument that the court erred in denying his motion for judgment of acquittal on one count of first-degree unlawful sexual penetration, ORS 163.411. Because our reversal of that conviction requires the court to resentence defendant on the remaining convictions, we do not reach defendant's arguments concerning his sentences. As explained below, we reverse defendant's conviction for unlawful sexual penetration and remand for entry of conviction for attempted unlawful sexual penetration and for resentencing.

The charge of unlawful sexual penetration alleged that defendant digitally penetrated the vagina of a victim under the age of 12. After the state concluded its case-in-chief, defendant moved for a judgment of acquittal, noting that the victim testified that defendant's finger remained outside of her vagina. The trial court denied defendant's motion, and the jury convicted defendant on that charge. On appeal, defendant asserts that there was insufficient evidence of penetration to submit that charge to the jury. The state concedes that the evidence was insufficient to convict defendant of the charged offense. After a careful review of the record, we agree and accept the state's concession.

■    Defendant suggests that the proper remedy is for the conviction for first-degree unlawful sexual penetration to be reversed, and the case remanded for entry of judgment for the crime of first-degree sexual abuse. The state, on the other hand, suggests that the remedy should be reversal of the conviction for unlawful sexual penetration and remand for entry of judgment for the crime of attempted first-degree unlawful sexual penetration. Under ORS 136.465, a defendant "may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime." First-degree sexual abuse, as pertinent here, consists of subjecting a victim less than 14 years of age to "sexual contact." ORS 163.427. Sexual contact, which is defined as "any

touching of the sexual or other intimate parts of a person * * * for the purpose of arousing or gratifying the sexual desire of either party," ORS 163.305(6), was not alleged in the charge of first-degree sexual penetration against defendant. Thus, under ORS 136.465, the charge for first-degree unlawful sexual penetration may not serve as the basis for a conviction for first-degree sexual abuse. That charge does, however, provide a basis for a conviction for *attempted* first-degree unlawful sexual penetration. *Accord State v. Garcia*, 206 Or App 745, 138 P3d 927 (2006) (remanding for entry of judgment for attempt crime under similar circumstances); *State v. Lopez*, 151 Or App 138, 142, 949 P2d 1237 (1997), *rev den*, 326 Or 465 (1998) (same).

Conviction for first-degree unlawful sexual penetration reversed and remanded for entry of conviction for attempted first-degree unlawful sexual penetration and for resentencing; otherwise affirmed.